**NEXUS BANKRUPTCY**
Benjamin Heston (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re: | **Case No: 6:23-bk-14289-WJ** |
| **PHILIP MOORE, and** | **Chapter 7** |
| **BONNIE MOORE,** | **DEBTOR'S MOTION FOR:** |
| | **1) DAMAGES AND OTHER RELIEF FOR VIOLATION OF AUTOMATIC STAY;** |
| | **2) ISSUANCE OF AN ORDER TO SHOW CAUSE WHY FAUSTO ATILANO AND MICHAEL MUNOZ SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION** |
| | [Hearing to set by Court] |

TO THE HONORABLE WAYNE E. JOHNSON, AND ALL OTHER INTERESTED PARTIES:

Debtors, Philip Moore and Bonnie Moore, hereby move this court for an order holding Fausto Atilano and Michael Munoz ("Respondents") in civil contempt for violation of the automatic stay and discharge and to award damages to Debtors. In support of this request, Debtors respectfully represent as follows:

///

///

///

///

## STATEMENT OF FACTS

On September 20, 2023, Philip Moore and Bonnie Moore (the "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtors received a discharge on January 2, 2024. A copy of the Discharge Order is attached as Exhibit A. The bankruptcy case was closed on June 17, 2024.

On December 8, 2023, while the bankruptcy case was still active, Fausto Atilano filed a lawsuit against Philip Moore and Ocean Contracting Corporation in the Riverside County Superior Court (case number CVRI2306600). A copy of the docket for the state court action is attached as Exhibit B.

Upon learning of the state court lawsuit, Debtors' counsel contacted Michael Munoz, Atilano's attorney, to inform him of the violation of the automatic stay. Munoz stated that he would call around to speak to a bankruptcy attorney before making a decision on how to proceed. Shortly thereafter, Munoz acknowledged the violation and stated that Philip Moore would be dismissed from the lawsuit.

However, Munoz delayed dismissing Philip Moore from the lawsuit, using the promise of dismissal as leverage during settlement negotiations. After several rounds of communication, and only after Debtors' counsel threatened to take legal action for violation of the stay, Munoz finally filed a request for dismissal of Philip Moore in the state court action. A true and correct copy of the request for dismissal is attached as Exhibit C.

After the bankruptcy case was closed and the discharge granted on January 2, 2024, Munoz and Atilano filed a motion for leave to amend the complaint in the state court action. The motion sought to add Philip Moore back to the lawsuit and to add a cause of action for breach of fiduciary duty. A copy of the Motion for Leave to Amend is attached as Exhibit D. Seemingly, this decision was based upon a belief that a cause of action similar to 11 U.S.C. §523(a)(4) would render the debt non-dischargeable, without regard for the fact that such a claim would need to have been brought before the Bankruptcy Court pursuant to §523(c)(1).

On July 4, 2024, while Philip Moore and Bonnie Moore were hosting a barbecue at their home for family and friends, someone arrived at the door claiming there had been an auto

accident out front and requested assistance. After creating a scene in front of the guests, Philip Moore stepped outside to help and was instead served with the motion for leave to amend the complaint. The timing and manner of this service – by causing a scene during a family holiday gathering – were clearly intended to embarrass and cause emotional distress to the Debtors. This public and humiliating service of process added to the already significant strain caused by the ongoing violations of the bankruptcy stay and discharge injunction.

As a result of these violations, the Debtors have suffered significant financial harm, having been forced to incur legal fees to respond to Respondents' actions. Additionally, the emotional toll caused by Respondents' repeated disregard for the legal protections afforded by the bankruptcy process has further disrupted the Debtors' attempts to regain financial and emotional stability post-bankruptcy.

The Respondents' willful disregard for the automatic stay, continued attempts to leverage Philip Moore's dismissal, the violation of the discharge injunction, and the embarrassing service of the motion during a family gathering demonstrate a pattern of bad faith behavior that warrants the Court's intervention.

## POINTS AND AUTHORITIES

### I.

### RESPONDENTS WILLFULLY VIOLATED THE AUTOMATIC STAY, AND THE DEBTORS ARE ENTITLED TO ACTUAL DAMAGES; PUNITIVE DAMAGES SHOULD ALSO BE IMPOSED

Bankruptcy Code section 362(a) provides that upon the filing of a bankruptcy case, an automatic stay immediately arises that enjoins all entities from engaging in the following acts:

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;"

"(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title…"

11 U.S.C. § 362(a).

The automatic stay is a fundamental protection afforded to debtors in bankruptcy, immediately halting all efforts to collect pre-petition debts, initiate or continue litigation, and enforce judgments. The scope of the automatic stay is broad, encompassing almost all actions that could be initiated or continued against the debtor. See In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992).

The imposition of the automatic stay places an affirmative duty on creditors to cease any collection activities or legal proceedings involving pre-petition debts. Failure to comply with this duty, whether intentional or not, constitutes a violation of the automatic stay. In Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1214 (9th Cir. 2002), the court emphasized that "the maintenance of an active collection lawsuit alone adequately satisfied the statutory prohibition against 'continuation' of judicial actions," establishing that creditors must actively halt legal actions to avoid violating the automatic stay.

Here, Respondent Fausto Atilano, through his attorney Michael Munoz, filed a lawsuit against Philip Moore in the state court action (Case No. CVRI2306600). This lawsuit was filed during the pendency of the bankruptcy case, a clear violation of the automatic stay. Upon learning of the violation, Debtors' counsel contacted Munoz, notifying him that the lawsuit violated the stay.

A violation of the stay is considered "willful" when the creditor has knowledge of the bankruptcy filing and engages in an act that violates the stay. A violation does not require intent to violate the stay, only that the creditor intended to perform the act that violates the stay. See In re Abrams, 127 B.R. 239, 243 (9th Cir. BAP 1991). Michael Munoz was informed of the bankruptcy filing and acknowledged the automatic stay, yet he delayed dismissing Philip Moore from the lawsuit. Instead, Munoz attempted to leverage Philip Moore's dismissal as a bargaining chip during settlement negotiations. This intentional act of withholding dismissal, despite

knowing the legal requirement to cease all collection efforts, constitutes a willful violation of the stay.

Pursuant to 11 U.S.C. § 362(k), "an individual injured by any willful violation of a stay provided by [§ 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k) (emphasis added).

In the case In re Abrams, 127 B.R. at 243-244, the court held that a stay violation becomes willful when the creditor, having received notice of the bankruptcy filing, fails to remedy the violation. In Abrams, the creditor repossessed the debtor's vehicle without knowing about the bankruptcy but refused to return it once notified of the automatic stay. The court determined that the failure to release the vehicle constituted a willful violation, entitling the debtor to damages.

Similarly, in this case, while Munoz/Atilano eventually dismissed Philip Moore from the lawsuit, the delay and intentional withholding of dismissal violated the stay. The Debtors suffered emotional distress due to the prolonged uncertainty and financial strain caused by the continued litigation. Additionally, the Debtors incurred legal fees and costs to enforce their rights under the stay.

In addition to actual damages, punitive damages may be awarded in cases where the creditor's conduct demonstrates reckless or callous disregard for the law or the debtor's rights. See In re Bloom, 875 F.2d 224, 228 (9th Cir. 1989). Punitive damages are meant to punish and deter egregious behavior. In In re Novak, 223 B.R. 363, 368 (Bankr. M.D. Fla. 1997), punitive damages were awarded when the creditor's actions reflected "arrogant defiance" of the automatic stay.

Given the gravity of the Respondents' actions – knowingly using the automatic stay as leverage for settlement – punitive damages are appropriate in this case. Respondents engaged in bad faith conduct by knowingly disregarding the stay and forcing the Debtors to resort to legal threats to enforce their rights.

///

**II.**

**RESPONDENTS VIOLATED THE DISCHARGE INJUNCTION AND SHOULD BE**

**HELD IN CONTEMPT**

The discharge order issued under 11 U.S.C. § 524 operates as a permanent injunction, prohibiting any effort to collect, recover, or offset a discharged debt as a personal liability of the debtor. Specifically, the discharge injunction bars:

> **"the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor…"**

11 U.S.C. § 524(a)(2).

Unlike violations of the automatic stay, the Bankruptcy Code does not provide a separate statutory cause of action for violations of the discharge injunction. Instead, courts enforce the discharge injunction through their inherent powers under 11 U.S.C. § 105(a), which allows courts to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. See In re Azevedo, 506 B.R. 277, 282 (Bankr. E.D. Cal. 2013). A finding of contempt for violation of the discharge injunction is appropriate when a creditor willfully violates the injunction, with knowledge of the discharge order.

In Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 507 (9th Cir. 2002), the Ninth Circuit held that debtors seeking relief for violations of the discharge injunction must proceed through contempt proceedings under § 105(a). The court retains broad discretion to award damages, attorneys' fees, and impose sanctions in contempt actions to enforce the discharge injunction.

Philip Moore received his discharge on January 2, 2024, and was protected by the discharge injunction from any further collection efforts. Despite having full knowledge of the discharge, Michael Munoz, on behalf of Atilano, filed a motion for leave to amend the state court complaint to add Philip Moore back into the lawsuit.

This filing was made after the bankruptcy case was closed and after Munoz had already acknowledged Philip Moore's discharge in previous discussions. The timing and nature of this

motion demonstrate a deliberate attempt to violate the discharge injunction, adding unnecessary stress and expense for the Debtors.

The Court should issue an Order to Show Cause why Respondents should not be held in contempt for their willful violation of the discharge injunction. The Ninth Circuit in <u>Walls</u> affirmed the bankruptcy court's authority to use contempt as a remedy for discharge violations. In <u>In re Azevedo</u>, 506 B.R. 277, the court reiterated that creditors who knowingly violate the discharge injunction can be held in contempt and subjected to damages and sanctions.

The Debtors are entitled to compensatory damages, including the legal fees incurred in addressing Respondents' contemptuous actions. Additionally, given the intentional nature of Respondents' conduct, sanctions should be imposed to deter future violations of the discharge injunction. Such sanctions are within the Court's discretion under 11 U.S.C. § 105(a) to ensure compliance with the discharge order.

## **CONCLUSION**

Respondents have willfully violated both the automatic stay and discharge injunction, causing significant financial harm and emotional distress to the Debtors. The gravity of these violations, coupled with the bad faith tactics used by Respondents, warrants not only compensatory damages but also punitive damages to punish and deter such misconduct. Further, the Respondents should be held in contempt for their willful violations of the discharge injunction and sanctioned accordingly.

## **PRAYER FOR RELIEF**

WHEREFORE, the Debtors respectfully request that the Court enter an order as follows:

1.  Finding that Respondents willfully violated the automatic stay;

2.  Awarding actual damages, including attorneys' fees, for violation of the automatic stay;

3.  Imposing punitive damages for Respondents' violations of the stay;

4.  Finding that Respondents violated the discharge injunction;

5.  Issuing an Order to Show Cause why Respondents should not be held in contempt for violating the discharge injunction;

6.  Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**NEXUS BANKRUPTCY**

Date: September 25, 2024          /s/Benjamin Heston
                                  BENJAMIN HESTON,
                                  Attorney for Debtors

## <u>DECLARATION OF PHILIP MOORE</u>

I, Philip Moore, declare as follows:

1. I am a Debtor in this Chapter 7 bankruptcy case. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. On September 20, 2023, my wife, Bonnie Moore, and I filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

3. We received a discharge of our debts on January 2, 2024. Our bankruptcy case was closed on June 17, 2024. Attached hereto as Exhibit A is a true and correct copy of the Discharge Order and Certificate of Notice issued on January 2, 2024.

4. While the bankruptcy case was still active and the automatic stay was in effect, Respondent Fausto Atilano filed a lawsuit in Riverside County Superior Court (case number CVRI2306600) against me and Ocean Contracting Corporation.

5. On July 4, 2024, while my wife and I were hosting a barbecue for family and friends at our home, someone came to our door claiming there had been a car accident outside and that they needed help. After causing a scene in front of our guests, I stepped outside, was lead down the driveway, and then I was served with a motion for leave to amend the state court lawsuit to add me back as a defendant.

6. This motion was filed after our bankruptcy case was closed, and my debts had been discharged. This service, conducted in such a public and humiliating manner, was clearly intended to cause emotional distress and embarrassment. The timing of this service, during a family holiday gathering, added to the emotional impact.

///
///
///
///
///
///

7.  As a result of these actions, my wife and I have suffered significant emotional distress, embarrassment, and financial harm, having to deal with legal matters that should have been resolved by the bankruptcy process.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 25, 2024

PHILIP MOORE

## <u>DECLARATION OF BENJAMIN HESTON</u>

I, Benjamin Heston, declare as follows:

1. I am the attorney for the Debtors in this Chapter 7 bankruptcy case. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. Upon discovering the lawsuit filed during the bankruptcy case, I contacted Respondent Michael Munoz, who represents Fausto Atilano, and informed him that the lawsuit was in violation of the automatic stay. Munoz stated that he would contact a bankruptcy attorney to determine how to proceed. Shortly thereafter, Munoz acknowledged the stay violation and initially stated that he would dismiss Philip Moore from the lawsuit.

3. Despite acknowledging the violation, Munoz delayed dismissing Philip Moore from the lawsuit for several weeks while attempting to use the dismissal as a bargaining chip to negotiate a settlement.

4. After several rounds of communications, I was forced to threaten to file an action for violation of the automatic stay before Munoz finally filed a request for dismissal of Philip Moore in the state court action.

5. On June 20, 2024, following the closure of the bankruptcy case, Munoz filed a motion for leave to amend the state court complaint to add Philip Moore back to the lawsuit.

6. As a result of Respondents' actions, my clients have suffered significant emotional distress and financial harm, including the costs of defending against these ongoing legal proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 25, 2024                    /s/Benjamin Heston_____
                                           BENJAMIN HESTON

# EXHIBIT A

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Philip Moore** | Social Security number or ITIN   xxx–xx–7933 |
| | First Name   Middle Name   Last Name | EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Bonnie Moore** | Social Security number or ITIN   xxx–xx–5406 |
| | First Name   Middle Name   Last Name | EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   Central District of California | | |
| Case number:   6:23–bk–14289–WJ | | |

## Order of Discharge – Chapter 7

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Philip Moore

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 1 Discharge Date: 1/2/24

Bonnie Moore

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 2 Discharge Date: 1/2/24

**Dated:** <u>1/2/24</u>

**By the court:**   <u>Wayne E. Johnson</u>
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**17/AUTU**

For more information, see page 2 >

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

# EXHIBIT B

Superior Court of California County of Riverside

Register of Actions

www.riverside.courts.ca.gov

CVRI2306600: ATILANO vs OCEAN CONTRACTING CORP.

Civil

Unlimited Civil Breach of Contract/Warranty

Historic Court House Department 5

Status: Active

---

| Complaints | File Date | Disposition |
|---|---|---|
| Complaint for Breach of Contract/Warranty (Over $25,000) of | 12/08/2023 | |

| Plaintiff(s) | Defendant(s) |
|---|---|
| FAUSTO ATILANO | OCEAN CONTRACTING CORP. |
| ATT: MUNOZ & MUNOZ, ATTORNEYS AT LAW | NMD: A CALIFORNIA CORPORATION ATT: REID & HELLYER, |
| | PHILLIP MOORE          Dismissal After No ADR |
| | ATT: REID & HELLYER, |

---

| Complaints | File Date | Disposition |
|---|---|---|
| 1st Amended Cross-Complaint of OCEAN CONTRACTING CORP. | 05/21/2024 | |

| Plaintiff(s) | Defendant(s) |
|---|---|
| OCEAN CONTRACTING CORP. | FAUSTO'S BAIL BONDS, |
| NMD: A CALIFORNIA CORPORATION ATT: REID & HELLYER, | NMD: A CALIFORNIA CORPORATION ATT: MUNOZ & MUNOZ, ATTORNEYS AT LAW FVC RIVERSIDE, INC. |
| | NMD: A CALIFORNIA CORPORATION ATT: MUNOZ & MUNOZ, ATTORNEYS AT LAW FAUSTO ATILANO |
| | NMD: AN INDIVIDUAL |
| | ATT: MUNOZ & MUNOZ, ATTORNEYS AT LAW FAUSTO ATILANO JR. |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVRI2306600: ATILANO vs OCEAN CONTRACTING CORP.
Civil
Unlimited Civil Breach of Contract/Warranty
Historic Court House Department 5
Status: Active

Defendant(s)

NMD: TRUSTEE OF THE
FAUSTO 50 REVOCABLE
TRUST DATE JULY 19,
ATT: MUNOZ & MUNOZ,
ATTORNEYS AT LAW

| Date | Action |
|------|--------|
| 12/08/2023 | Case assigned to Department: Department 5 |
| 12/08/2023 | COMPLAINT Filed By: FAUSTO ATILANO |
| 12/08/2023 | Civil Case Cover Sheet Filed By: FAUSTO ATILANO |
| 12/08/2023 | Summons Issued and Filed Filed By: FAUSTO ATILANO |
| 12/08/2023 | Certificate of Counsel. Filed By: FAUSTO ATILANO |
| 12/08/2023 | Payment: $1.85,  Green Filing RV, for ATILANO, FAUSTO, Receipt: EFM20231208-01194 |
| 12/08/2023 | Payment: $450.00,  Green Filing RV, for ATILANO, FAUSTO, Receipt: EFM20231208-01194 |
| 12/08/2023 | Notice of Case Management Conference Complaint for Breach of Contract/Warranty (Over $25,000) |
| 12/08/2023 | Notice of Department Assignment |
| 01/03/2024 | Proof of Service of Summons Filed By: FAUSTO ATILANO |
| 01/03/2024 | Notice of Document Return. |
| 01/04/2024 | Proof of Service of Summons on Complaint for Breach of Contract/Warranty (Over $25,000) of FAUSTO ATILANO Service Type: Personal Service Date Served: 12/10/2023 |

PAGE: 2

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVRI2306600: ATILANO vs OCEAN CONTRACTING CORP.
Civil
Unlimited Civil Breach of Contract/Warranty
Historic Court House Department 5
Status: Active

| Date | Action |
|------|--------|
| | Fee for Service: $100.00<br>Additional Document Served: Alternative Dispute Resolution (ADR) package<br>Additional Document Served: Certificate of Counsel<br>Additional Document Served: Civil Case Cover Sheet<br>Filed By: FAUSTO ATILANO |
| 01/04/2024 | Notice of Document Quality Assurance |
| 01/04/2024 | Payment: $1.85, Green Filing RV, for ATILANO, FAUSTO, Receipt: EFM20240104-01070 |
| 01/08/2024 | Proof of Service of Summons on Complaint for Breach of Contract/Warranty (Over $25,000) of FAUSTO ATILANO<br>Service Type: Personal Service<br>Date Served: 01/03/2024<br>Fee for Service: $85.00<br>Additional Document Served: Alternative Dispute Resolution (ADR) package<br>Additional Document Served: Certificate of Counsel<br>Additional Document Served: Civil Case Cover Sheet<br>Filed By: FAUSTO ATILANO |
| 01/09/2024 | Payment: $1.85, Green Filing RV, for ATILANO, FAUSTO, Receipt: EFM20240109-01450 |
| 02/13/2024 | Verified Answer of Defendants Ocean Contracting Corp., a California Corporation on Complaint for Breach of Contract/Warranty (Over $25,000) of FAUSTO ATILANO |
| 02/16/2024 | Cross-Complaint<br>Filed By: OCEAN CONTRACTING CORP. |
| 02/16/2024 | Notice of Document Return. |
| 02/16/2024 | Payment: $1.85, OneLegal, for MOORE, PHILLIP, OCEAN CONTRACTING CORP., Receipt: EFM20240216-00414 |
| 02/16/2024 | Payment: $450.00, OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240216-00414 |
| 02/16/2024 | Payment: $450.00, OneLegal, for MOORE, PHILLIP, Receipt: |
| 02/21/2024 | Cross-Complaint<br>Filed By: OCEAN CONTRACTING CORP. |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVRI2306600: ATILANO vs OCEAN CONTRACTING CORP.

Civil

Unlimited Civil Breach of Contract/Warranty

Historic Court House Department 5

Status: Active

| Date | Action |
|------|--------|
| 02/22/2024 | Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240222-00445 |
| 02/23/2024 | Summons Cross-Complaint<br>Filed By: OCEAN CONTRACTING CORP. |
| 02/26/2024 | Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240226-01700 |
| 02/28/2024 | Verified Answer to Verified Cross-Complaint of Defendant/Cross-Complainant Ocean Contracting Corp. on Cross-Complaint of OCEAN CONTRACTING CORP. |
| 02/29/2024 | Notice of Document Quality Assurance |
| 02/29/2024 | Payment: $450.00,  Green Filing RV, for FVC RIVERSIDE, INC., Receipt: EFM20240229-01118 |
| 02/29/2024 | Payment: $450.00,  Green Filing RV, for ATILANO, FAUSTO, Receipt: EFM20240229-01118 |
| 02/29/2024 | Payment: $450.00,  Green Filing RV, for FAUSTO'S BAIL BONDS, INC., Receipt: EFM20240229-01118 |
| 02/29/2024 | Payment: $1.85,  Green Filing RV, for ATILANO, FAUSTO, FAUSTO'S BAIL BONDS, INC., FVC RIVERSIDE, INC., Receipt: EFM20240229-01118 |
| 03/01/2024 | Proof of Service of Summons on Cross-Complaint of OCEAN CONTRACTING CORP.<br>Service Type: Substituted Service<br>Date Served: 02/29/2024<br>Fee for Service: $105.00<br>Additional Document Served: OTHER: Cross-Complaint, Summons-Cross-Complaint |
| 03/01/2024 | Proof of Service of Summons on Cross-Complaint of OCEAN CONTRACTING CORP.<br>Service Type: Substituted Service<br>Date Served: 02/29/2024<br>Fee for Service: $105.00<br>Additional Document Served: OTHER: Cross-Complaint, Summons-Cross-Complaint |
| 03/06/2024 | Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240306-00221 |
| 03/07/2024 | Notice of Stay of Proceedings (CM-180) on Complaint for Breach of Contract/Warranty (Over $25,000) of FAUSTO ATILANO |

PAGE: 4

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVRI2306600: ATILANO vs OCEAN CONTRACTING CORP.
Civil
Unlimited Civil Breach of Contract/Warranty
Historic Court House Department 5
Status: Active

| Date | Action |
|------|--------|
| | Stay Reason: Automatic stay caused by filing in another court.<br>Filed By: OCEAN CONTRACTING CORP., PHILLIP MOORE<br>Against / As To: PHILLIP MOORE |
| 03/08/2024 | Payment: $1.85, OneLegal, for MOORE, PHILLIP, OCEAN CONTRACTING CORP., Receipt: EFM20240308-00310 |
| 03/29/2024 | Request for Dismissal on Complaint for Breach of Contract/Warranty (Over $25,000) of FAUSTO ATILANO<br>Dismissal Type: Party<br>Prejudice Type: Without Prejudice<br>Filed By: FAUSTO ATILANO<br>Against / As To: PHILLIP MOORE |
| 03/29/2024 | Notice of Motion and Motion for Leave to File a First Amended Cross-Complaint Cross Complaint on Cross-Complaint of OCEAN CONTRACTING CORP. |
| 03/29/2024 | Declaration of Kiki Manti Engel in Support of Motion for Leave to File First Amended Cross-Complaint<br>Filed By: OCEAN CONTRACTING CORP. |
| 03/29/2024 | Payment: $1.85, Green Filing RV, for ATILANO, FAUSTO, Receipt: EFM20240329-01269 |
| 04/05/2024 | [Proposed] Order<br>Filed By: OCEAN CONTRACTING CORP. |
| 04/05/2024 | Proposed Order Granting Motion for Leave to File First Amended Cross-Complaint on Cross-Complaint of OCEAN CONTRACTING CORP.<br>Filed By: OCEAN CONTRACTING CORP. |
| 04/05/2024 | Payment: $60.00, OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240405-01924 |
| 04/05/2024 | Payment: $1.85, OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240405-01924 |
| 04/05/2024 | Notice of Document Return. |
| 04/08/2024 | Cross-Complainant's Ex Parte Application to Advance Hearing Date on Motion for Leave to File A First Amended Cross-Complaint; Memorandum of Points and Authorities in Support; and Supporting Declaration of Amanda K. Perez Re Notice on Cross-Complaint of OCEAN CONTRACTING CORP. |
| 04/08/2024 | Proof of Service re: Cross-Complainant's Ex Parte Application to Advance Hearing Date on Motion for Leave to File A First Amended |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVRI2306600: ATILANO vs OCEAN CONTRACTING CORP.
Civil
Unlimited Civil Breach of Contract/Warranty
Historic Court House Department 5
Status: Active

| Date | Action |
|------|--------|
| | OCEAN CONTRACTING CORP.<br>Filed By: OCEAN CONTRACTING CORP.<br>Against / As To: FAUSTO ATILANO |
| 04/08/2024 | Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240408-00713 |
| 04/08/2024 | Payment: $60.00,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240408-01147 |
| 04/08/2024 | Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240408-01147 |
| 04/09/2024 | Minute Order: Ex Parte Hearing re: CROSS-COMPLAINANT'S EX PARTE APPLICATION TO ADVANCE HEARING DATE ON MOTION FOR LEAVE TO FILE A FIRST AMENDED CROSS-COMPLAINT by OCEAN CONTRACTING CORP. |
| 04/09/2024 | Ex Parte Hearing re: CROSS-COMPLAINANT'S EX PARTE APPLICATION TO ADVANCE HEARING DATE ON MOTION FOR LEAVE TO FILE A FIRST AMENDED CROSS-COMPLAINT by OCEAN CONTRACTING CORP. at 8:30 AM in Department 5 Honorable Irma Asberry, Judge<br>E. Rodriguez, Courtroom Assistant<br>Court Reporter: None<br>APPEARANCES:<br>ATILANO, FAUSTO [PLA] Represented by Juan Huerta appearing remotely in Court.<br>OCEAN CONTRACTING CORP. [DEF] Represented by Amanda Perez appearing remotely in Court.<br>At 09:07 AM, the following proceedings were held:<br>Ex Parte Application is called for hearing.<br>The Court recites its proposed ruling.<br>Counsel presents argument.<br>Court makes the following order(s):<br>The Court finds exigent circumstances exists that merit the granting of the Ex Parte. Statute of Limitations appears to have an expiration date of 06/04/2024.<br>Ex Pare Application to Advance Hearing Date on Motion for Leave to File a First Amended Cross-Complaint granted.<br>06/25/2024 08:30 AM Hearing re: Motion for Leave to Amend Cross Complaint on Cross-Complaint of OCEAN CONTRACTING CORP. by OCEAN CONTRACTING CORP. advanced to 05/16/2024 at 08:30 AM in Department |
| 05/16/2024 | Order Granting Motion for Leave to file First Amended Cross- |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVRI2306600: ATILANO vs OCEAN CONTRACTING CORP.
Civil
Unlimited Civil Breach of Contract/Warranty
Historic Court House Department 5
Status: Active

| Date | Action |
|------|--------|
|  | Filed By: OCEAN CONTRACTING CORP. |
| 05/16/2024 | Minute Order: Hearing re: Motion for Leave to Amend on Cross-Complaint of OCEAN CONTRACTING CORP. |
| 05/16/2024 | Hearing re: Motion for Leave to Amend on Cross-Complaint of OCEAN CONTRACTING CORP. at 8:30 AM in Department 5 Honorable Irma Asberry, Judge |
|  | E. Rodriguez, Courtroom Assistant |
|  | Court Reporter: None |
|  | APPEARANCES: |
|  | OCEAN CONTRACTING CORP. [DEF] Represented by Amanda Perez appearing remotely in Court. |
|  | ATILANO, FAUSTO [PLA], FVC RIVERSIDE, INC. [CD], ATILANO, FAUSTO [CD] Represented by Juan Huerta appearing remotely in Court. |
|  | At 09:00 AM, the following proceedings were held: |
|  | Motion by defendant regarding Leave to Amend Cross-Complaint is called for hearing. |
|  | In accordance with California Rule of Court 3.1308 and Local Rule 3316, a tentative ruling was issued and oral argument was not requested. |
|  | Court makes the following order(s): |
|  | Tentative ruling shall become the ruling of the court. |
|  | Unopposed Motion for Leave to Amend Cross-Complaint granted. |
|  | Leave to amend Cross-Complaint of OCEAN CONTRACTING CORP. granted, with 20 days to leave to amend. |
|  | Continue (future hearing) 06/05/2024 08:30 AM Case Management Conference to 09/05/2024 at 08:30 AM in Department 5. |
|  | Formal order signed in court. |
| 05/21/2024 | 1st Amended Cross-Complaint of OCEAN CONTRACTING CORP. |
|  | Filed By: OCEAN CONTRACTING CORP. |
| 05/22/2024 | Summons Cross-Complaint |
|  | Filed By: OCEAN CONTRACTING CORP. |
| 05/22/2024 | Summons First Amended Cross-Complaint |
|  | Filed By: OCEAN CONTRACTING CORP. |
| 05/22/2024 | Notice of Document Return. |
| 05/22/2024 | Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240522-01491 |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVRI2306600: ATILANO vs OCEAN CONTRACTING CORP.
Civil
Unlimited Civil Breach of Contract/Warranty
Historic Court House Department 5
Status: Active

| Date | Action |
|------|--------|
| 05/24/2024 | Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240524-01358 |
| 06/04/2024 | Notice of Deposit of Jury Fees on 1st Amended Cross-Complaint of OCEAN CONTRACTING CORP.<br>Filed By: OCEAN CONTRACTING CORP. |
| 06/04/2024 | Verified Answer to Verified First Amended First Amended Cross-Complaint of Defendant/Cross-Complainant Ocean Contracting Corp. on 1st Amended Cross-Complaint of OCEAN CONTRACTING CORP.<br>Filed By: FAUSTO'S BAIL BONDS, INC., FAUSTO ATILANO, FAUSTO ATILANO, |
| 06/05/2024 | Case Management Conference at 8:30 AM in Department 5 |
| 06/07/2024 | Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240607-00751 |
| 06/07/2024 | Payment: $150.00,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240607-00751 |
| 06/14/2024 | Notice of Pendency of Action<br>Filed By: OCEAN CONTRACTING CORP. |
| 06/14/2024 | Proof of Service of Summons on 1st Amended Cross-Complaint of OCEAN CONTRACTING CORP.<br>Service Type: Notice of Acknowledgment of Receipt<br>Date Served: 06/11/2024<br>Additional Document Served: OTHER: Summons on First Amended Cross-Complaint; Verified First Amended Cross-Complaint;<br>Filed By: OCEAN CONTRACTING CORP.<br>Against / As To: FAUSTO ATILANO, JR. |
| 06/14/2024 | Notice of Pendency of Action [Lis Pendens] on 1st Amended Cross-Complaint of OCEAN CONTRACTING CORP.<br>Filed By: OCEAN CONTRACTING CORP. |
| 06/14/2024 | Notice of Document Return. |
| 06/14/2024 | Payment: $1.85,  Green Filing RV, for ATILANO, FAUSTO JR., Receipt: EFM20240614-01571 |
| 06/14/2024 | Payment: $450.00,  Green Filing RV, for ATILANO, FAUSTO JR., Receipt: EFM20240614-01571 |
| 06/20/2024 | Notice of Motion and Motion for Leave of Court to File First Amended Complaint on Complaint for Breach of Contract/Warranty (Over $25,000) of FAUSTO ATILANO |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVRI2306600: ATILANO vs OCEAN CONTRACTING CORP.
Civil
Unlimited Civil Breach of Contract/Warranty
Historic Court House Department 5
Status: Active

| Date | Action |
|------|--------|
| 06/24/2024 | Notice of Department Reassignment for All Purposes on 1st Amended Cross-Complaint of OCEAN CONTRACTING CORP. |
| 06/25/2024 | Hearing re: Motion for Leave to Amend Cross Complaint on Cross-Complaint of OCEAN CONTRACTING CORP. by OCEAN CONTRACTING CORP. at 8:30 AM in Department 5 |
| 06/27/2024 | Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240627-00463 |
| 06/27/2024 | Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240627-00708 |
| 07/09/2024 | Proof of Service of Notice of Motion for Leave of Court to File First Amended Complaint<br>Filed By: FAUSTO ATILANO |
| 07/09/2024 | Proposed Order re: Leave to Amended Complaint<br>Filed By: FAUSTO ATILANO |
| 07/09/2024 | Payment: $60.00,  Journal Technologies Inc., for ATILANO, FAUSTO, Receipt: EFM20240709-00076 |
| 07/09/2024 | Payment: $1.85,  Journal Technologies Inc., for ATILANO, FAUSTO, Receipt: EFM20240709-00076 |
| 07/09/2024 | Notice of Document Return. |
| 07/09/2024 | Notice of Document Return. |
| 07/12/2024 | Proof of Service re<br>Filed By: FAUSTO ATILANO |
| 07/12/2024 | Notice of Document Return. |
| 07/25/2024 | Proof of Service of Summons<br>Filed By: FAUSTO ATILANO |
| 07/25/2024 | Notice of Document Return. |
| 08/15/2024 | Opposition to Fausto Atilano's Motion for Leave to File First Amended Complaint; Memorandum of Points and Authorities on Complaint for Breach of Contract/Warranty (Over $25,000) of FAUSTO ATILANO<br>Filed By: OCEAN CONTRACTING CORP., PHILLIP MOORE |

PAGE: 9

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVRI2306600: ATILANO vs OCEAN CONTRACTING CORP.
Civil
Unlimited Civil Breach of Contract/Warranty
Historic Court House Department 5
Status: Active

| Date | Action |
|---|---|
| 08/15/2024 | Request for Judicial Notice in Support of Opposition to Fausto Atilano's Motion for Leave to File First Amended Complaint<br>Filed By: OCEAN CONTRACTING CORP., PHILLIP MOORE |
| 08/16/2024 | Payment: $1.85,  for MOORE, PHILLIP, OCEAN CONTRACTING CORP., Receipt: EFM20240816-00160 |
| 08/21/2024 | Case Management Statement on Complaint for Breach of Contract/Warranty (Over $25,000) of FAUSTO ATILANO<br>Filed By: OCEAN CONTRACTING CORP. |
| 08/21/2024 | Case Management Statement on Complaint for Breach of Contract/Warranty (Over $25,000) of FAUSTO ATILANO<br>Filed By: FAUSTO ATILANO |
| 08/22/2024 | Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt: EFM20240822-01112 |
| 08/22/2024 | Payment: $1.85,  Green Filing RV, for ATILANO, FAUSTO, Receipt: EFM20240822-01265 |
| 08/28/2024 | Minute Order: Hearing re: Motion for Leave to Amend on Complaint for Breach of Contract/Warranty (Over $25,000) of FAUSTO ATILANO by FAUSTO ATILANO |
| 08/28/2024 | Hearing re: Motion for Leave to Amend on Complaint for Breach of Contract/Warranty (Over $25,000) of FAUSTO ATILANO by FAUSTO ATILANO at 8:30 AM in Department 5 Honorable John D. Molloy, Judge<br>E. Rodriguez, Courtroom Assistant<br>Court Reporter: None<br>APPEARANCES:<br>ATILANO, FAUSTO [PLA] Represented by Ciprian Turcu appearing remotely in Court.<br>OCEAN CONTRACTING CORP. [DEF], MOORE, PHILLIP [DEF] Represented by Amanda Perez appearing remotely in Court.<br>At 09:04 AM, the following proceedings were held:<br>Motion by plaintiff regarding Leave to Amend Complaint is called for hearing.<br>In accordance with California Rule of Court 3.1308 and Local Rule 3316, a tentative ruling was issued and oral argument was not requested.<br>Court makes the following order(s):<br>Tentative ruling shall become the ruling of the court.<br>Motion for Leave to Amend Complaint denied without prejudice Inadequate justification pursuant to CRC 3.1324(b). |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVRI2306600: ATILANO vs OCEAN CONTRACTING CORP.
Civil
Unlimited Civil Breach of Contract/Warranty
Historic Court House Department 5
Status: Active

Date        Action


08/30/2024  Verified Answer to Verified First Amended Complaint on 1st Amended
            Cross-Complaint of OCEAN CONTRACTING CORP.
            Filed By: FVC RIVERSIDE, INC.
09/03/2024  Payment: $1.85,  Green Filing RV, for FVC RIVERSIDE, INC., Receipt:
            EFM20240903-02205
09/04/2024  Proof of Service
            Filed By: OCEAN CONTRACTING CORP.
09/04/2024  Notice of Document Return.

09/05/2024  Proof of Service re: AMENDED SUMMONS ON CROSS-COMPLAINT AND VERIFIED
            FIRST AMENDED CROSS-COMPLAINT on 1st Amended Cross-Complaint of
            OCEAN CONTRACTING CORP.
            Filed By: OCEAN CONTRACTING CORP.
09/05/2024  Case Management Conference at 8:30 AM in Department 5

09/09/2024  Payment: $1.85,  OneLegal, for OCEAN CONTRACTING CORP., Receipt:
            EFM20240909-00005
12/05/2024  Case Management Conference at 8:30 AM in Department 5

# EXHIBIT C

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 266692 | FOR COURT USE ONLY |
|---|---|---|

NAME: **MICHAEL J. MUNOZ**
FIRM NAME: **MUNOZ ~ MUNOZ**
STREET ADDRESS: **232 EAST FOOTHILL BOULEVARD, SUITE 201**
CITY: **AZUSA**    STATE: **CA**    ZIP CODE: **91702**
TELEPHONE NO.: **626-334-8405**    FAX NO.: **626-334-8440**
E-MAIL ADDRESS: **MMUNOZ@MUNOZLAWYERS.COM**
ATTORNEY FOR (Name): **FAUSTO ATILANO**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: **4050 MAIN STREET**
MAILING ADDRESS: **4050 MAIN STREET**
CITY AND ZIP CODE: **RIVERSIDE 92501**
BRANCH NAME: **RIVERSIDE HISTORIC COURTHOUSE**

Plaintiff/Petitioner: FAUSTO ATILANO
Defendant/Respondent: OCEAN CONTRACTING CORP., ET AL.

| REQUEST FOR DISMISSAL | CASE NUMBER: CVRI2306600 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice    (2) ☑ Without prejudice
   b. (1) ☑ Complaint    (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):    on (date):
      (4) ☐ Cross-complaint filed by (name):    on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☑ Other (specify):* as to PHILLIP MOORE only

2. (Complete in all cases except family law cases.)
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 03/23/2024
**MICHAEL J. MUNOZ**
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _(signature)_
(SIGNATURE)
Attorney or party without attorney for:
☑ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date: 3/27/2024
**Kiki Manti Engel**
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _Kiki Manti_
(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☑ Cross Complainant

(To be completed by clerk)
4. ☐ Dismissal entered as requested on (date):
5. ☒ Dismissal entered on (date): 03/29/2024 as to only (name): as stated above
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed    ☐ means to return conformed copy

Date: 03/29/2024    Clerk, by _Joanne Bishop_, Deputy    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

CIV-110

| | |
|---|---|
| Plaintiff/Petitioner: FAUSTO ATILANO<br>Defendant/Respondent: OCEAN CONTRACTING CORP., ET AL. | CASE NUMBER:<br>CVRI2306600 |

## COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*    Yes    No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____    _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)    (SIGNATURE)

# EXHIBIT D

MICHAEL J. MUNOZ (State Bar #266692)
Attorney at Law
MUNOZ ~ MUNOZ
232 East Foothill Boulevard, Suite 201
Azusa, CA 91702
Telephone:  626-334-8405
Facsimile:  626-334-8440
Email:    mmunoz@munozlawyers.com

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE

HISTORIC COURTHOUSE

| | |
|---|---|
| FAUSTO ATILANO,<br><br>            Plaintiff,<br><br>vs.<br><br>OCEAN CONTRACTING CORP., a California Corporation, DOES 1 to 10, Inclusive,<br><br><br>            Defendants. | CASE NO.:  CVRI2306600<br><br>NOTICE OF MOTION AND MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED COMPLAINT<br><br>DATE: 08/28/2024<br><br>TIME: 8:30AM<br><br>DEPT: 5<br><br>*RESERVATION ID# : **755547791408** |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

        NOTICE IS HEREBY GIVEN that on August 28th , 2024, at 8:30am a.m., or as soon as the matter can be heard in Department _5_ of this Court, located at 4050 Mail Street, Riverside, CA 92501, Plaintiff, FAUSTO ATILANO, will and hereby does move the Court for leave to file a First Amended Complaint in this action.

        The motion shall be based on this notice and the attached memorandum of points and authorities, the attached declaration of MICHAEL J. MUNOZ, the complete files and records of this action, and on such other oral and/or documentary evidence as may be presented at the hearing on the Motion.

///

Dated this 20th day of June, 2024.

MUNOZ ~ MUNOZ

By: _____

MICHAEL J. MUNOZ,
Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

This case arises from a breach of contract involving intentional misrepresentation, fraud, and breach of fiduciary duty.  See Plaintiff's Complaint on file with the Court.

Upon further investigation, it has been discovered that Defendant, PHILLIP MOORE, who was dismissed from this action **without prejudice**, should be realleged as a Defendant, and additional cause of action for breach of fiduciary duty added.  To fully litigate this matter it is necessary to amend the complaint on file herein.

Plaintiff requests leave of Court to file a First Amended Complaint pursuant to California Code of Civil Procedure §§ 473 (a) and 576 on the grounds that the matter cannot be fully litigated without the inclusion of PHILLIP MOORE as a party and the additional cause of action.  It is the established policy in California to liberally permit amendments at any state of the proceeding.

Plaintiff has complied with California Rule of Court 3.1324(a)11-3 in that a copy of the proposed First Amended Complaint is attached as Exhibit 1 to the declaration of MICHAEL J. MUNOZ.

The following is proposed to be added:

1.     PHILLIP MOORE to be realleged as a Defendant.

2.     Cause of Action for Breach of Fiduciary Duty with punitive damages.

Plaintiff has complied with California Rules of Court 3.1324(b)1-4 in that the declaration of MICHAEL J. MUNOZ will:

1.     Add PHILLIP MOORE as a defendant.

2.     Add a cause of action for breach of fiduciary duty with punitive damages.

3.     The amendment adding a defendant and the cause of action is necessary to bring this case to a full and final judgment.

4.     The realleging of PHILLIP MOORE is necessary because after said defendant was dismissed, without prejudice, it was discovered that he was a fiduciary and he breached his duty as such.

///

5.      The additional cause of action was not included in the original complaint because a full investigation of the facts could not be completed before the statutory time to file a complaint would have expired.

6.      This request for leave to file the First Amended Complaint is being filed at the earliest time possible.  A full and complete investigation into this non-compliance has just been completed.  This is the first opportunity Plaintiff, FAUSTO ATILANO, has had to gather all of the facts and organize them so that a First Amended Complaint could be drafted.

## II.

## ARGUMENT

### A.      THE COURT HAS THE DISCRETIONARY POWER TO GRANT LEAVE TO AMEND THE COMPLAINT

Both Code of Civil Procedure §§ 473(a) and 576 state in pertinent part that a court may, in the furtherance of justice, allow a party to amend any pleading on any terms as may be proper.

Granting Plaintiff leave to amend would assist in the furtherance of justice in that the reallegation of PHILLIP MOORE as a defendant and the addition of a cause of action for breach of fiduciary duty with punitive damages will allow this matter to be fully litigated.

### B.      THE ESTABLISHED POLICY OF THIS STATE HAS BEEN THAT AMENDMENTS SHOULD BE LIBERALLY PERMITTED AT ANY STAGE OF THE PROCEEDING

Numerous decisions of the California Supreme Court and Courts of Appeal have stated that permitting amendments in the furtherance of justice is to be liberally permitted at any stage of the proceeding.

"This statutory provision giving the courts the power to permit amendments in furtherance of justice has received a very liberal interpretation by the courts of this state."  *Klopstock v. Superior Ct.* (1941) 17 Cal.2d 13, 19; see also *Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 939.

Courts apply a policy of great liberality in permitting amendments to the complaint at any stage of the proceedings up to and including trial. See *Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 296-97.

In fact, liberal amendment of pleadings has been the established policy of California since 1901.

"That the trial courts are to liberally permit such amendments, at any stage of the proceeding, has been established policy of this state since 1901." *Hirsa v. Superior Ct.* (1981) 118 Cal.App.3d 486, 488-89.

## C.   THE POLICY FAVORING LEAVE TO AMEND IS SO STRONG THAT AMENDMENT MUST BE PERMITTED UNLESS THE ADVERSE PARTY CAN SHOW MEANINGFUL PREJUDICE

The policy favoring leave to amend is so strong that amendment must be permitted unless the adverse party can show meaningful prejudice.

Further, the policy favoring leave to amend is so strong that it is an abuse of discretion to deny an amendment unless the adverse party can show meaningful prejudice, such as the running of the statute of limitations, trial delay, the loss of critical evidence, or added preparation costs. *Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 761; see also *Solit v. Taokai Bank, Ltd.* (1999) 68 Cal.App.4th 1435, 1448.

Unless a showing of prejudice is made by the adverse party even delay alone is not a sufficient reason for denying leave to amend.

Absent a showing of such prejudice, delay alone is not grounds for denial of a motion to amend. See *Kittredge Sports Co. v. Superior Ct.* (1989) 213 Cal.App.3d 1045, 1048; see also *Higgins v. Del Faro* (1981) 123 Cal.App.3d 558, 563-65.

Defendant will not suffer any meaningful prejudice in that there is ample time for defendant to conduct its own investigation of the facts, propound any appropriate discovery, and prepare any defense or defenses it may have to the additional allegations made by Plaintiff.

### III.

### CONCLUSION

Based on the foregoing facts, arguments, and points of law, the Court is urged to grant this motion and allow Plaintiff leave to amend his Complaint.

///

///

///

///

### DECLARATION OF MICHAEL J. MUNOZ

I, MICHAEL J. MUNOZ, declare as follows:

1.        I am one of the attorneys of record for Plaintiff in this action. I am licensed to practice before all of the courts in California, have personal knowledge of the facts contained in this declaration, and if called as a witness, could and would testify competently to the following.

2.        I make this declaration in support of the motion for leave to file an amended complaint. A true and correct copy of said proposed amended pleading is attached hereto as Exhibit 1 and incorporated herein by reference.

3        I have complied with California Rule of Court 3.1324(a)1-3 in that

    a.        The following allegations are proposed to be added:

        1)        Reallegation of PHILLIP MOORE as a defendant.

        2)        A new cause of action for breach of fiduciary duty with punitive damages.

4.        I have complied with California Rule of Court 3.1324(b)1-4 in that the proposed amendment will reallege PHILLIP MOORE as a defendant and add a new cause of action for breach of fiduciary duty for which Defendants bear liability for punitive damages caused to Plaintiff.

    a.        While this amended complaint will reallege PHILLIP MOORE as a defendant and add a new cause of action, it will not cause any type of prejudice to Defendants.

    b.        The amendment is necessary and proper because all parties and causes of action available to Plaintiff will be included so that a full and final judgment can be rendered.

    c.        When the original complaint was filed, all pertinent facts were not known.

    d.        Based on paragraph 4.c. above, leave of court was not applied for until now.

5.        The Defendants will not suffer any meaningful prejudice if the motion is granted in that they will have sufficient time to investigate, propound any meaningful discovery, and prepare for trial of this matter.  NO PREJUDICE WILL BE SUFFERED.   The only party that may suffer any prejudice is harm is Plaintiff in that a full and final litigation of the facts which give rise to this lawsuit will not come before the Court.

///

6.      I respectfully request that the Court grant the motion to allow leave to file the First

Amended Complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true

and correct and that this declaration is executed on the 20th day of June, 2024, at Azusa, California.

MUNOZ ~ MUNOZ


By: _____
MICHAEL J. MUNOZ,
Attorneys for Plaintiff, FAUSTO ATILANO

# Exhibit 1

MICHAEL J. MUNOZ (State Bar #266692)
Attorney at Law
MUNOZ ~ MUNOZ
232 East Foothill Boulevard, Suite 201
Azusa, CA 91702
Telephone:  626-334-8405
Facsimile:  626-334-8440
Email:      mmunoz@munozlawyers.com

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE

HISTORIC COURTHOUSE

| | |
|---|---|
| FAUSTO ATILANO, <br><br> Plaintiff, <br><br> vs. <br><br> OCEAN CONTRACTING CORP., a California Corporation, PHILLIP MOORE, and DOES 1 to 10, Inclusive, <br><br> Defendants. | CASE NO.:  **CVRI2306600** <br><br> FIRST AMENDED COMPLAINT FOR: <br><br> 1. BREACH OF CONTRACT <br> 2. MISREPRESENTATION <br> 3. FRAUD <br> 4. BREACH OF FIDUCIARY DUTY |

Plaintiff, FAUSTO ATILANO (hereinafter referred to as "Plaintiff" or "ATILANO") hereby alleges as follows:

**PARTIES**

1.      Plaintiff is an individual, who at all times mentioned herein, resided in the State of California, County of Riverside.

2.      Defendant OCEAN CONTRACTING CORP. (hereinafter referred to as "Defendant" or "OCEAN") is a California corporation in good standing with the California Secretary of State with its corporate offices located in Canyon Lake, Riverside County, State of California.  Attached hereto and incorporated

herein by this reference is **Exhibit 1** which is the Statement of Information of OCEAN which was filed on December 8, 2022.

3.    Defendant PHILLIP MOORE (hereinafter referred to as "MOORE") is the Chief Executive Officer; and, at all times mentioned herein, was acting on behalf of OCEAN.

4.    The true names and capacities, whether individuals, corporate, associate or otherwise, of Defendants DOES 1 through 10, Inclusive, are unknown to this Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to the provisions of Code of Civil Procedure §474. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is responsible in some manner for the events, happenings, and damages referred to herein. Plaintiff will seek leave of court to amend this Complaint and insert the true names and capacities of those Defendants when they are properly ascertained.

5.    Plaintiff is informed and believes, and on that basis, alleges that at all times mentioned in this Complaint, Defendants were the agents and employees of the other Defendants, and in doing the things alleged in this Complaint were acting within the course and scope of that agency and employment and with the knowledge and consent of the remaining Defendants.

6.    This Complaint is filed by Plaintiff in this judicial district pursuant to the provisions of Section 395 of the Code of Civil Procedure. This action is also subject to the provisions of Section 1812.10 of the Civil Code and Section 395.5 of the Code of Civil Procedure because the contract was entered into as between the parties in the city of Canyon Lake, Riverside County.

### FIRST CAUSE OF ACTION

### (For Breach of Contract against Defendants and DOES 1 to 10)

7.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 6 of this Complaint as though fully set forth at length herein.

8.    Plaintiff is a business professional engaged in the business of construction.

9.    On or about June 29, 2023, Plaintiff entered into an oral contract with OCEAN for consulting services to be provided to Plaintiff by OCEAN, by and through their agent MOORE. Specifically, OCEAN was paid periodically by Plaintiff throughout the months through invoicing for the consulting services provided on Plaintiff's project. Plaintiff and OCEAN had a long-standing consulting relationship dating back to

**FIRST AMENDED COMPLAINT**

approximately May 4, 2021.  OCEAN would bill Plaintiff monthly for the consulting service provided.  A part of the consulting services provided to Plaintiff by OCEAN, by and through its agent MOORE, was the recommendation to purchase an electrical gear box from a third party. The gear box would be needed later in the construction process. MOORE repeatedly assured Plaintiff that it was a good deal.

10.      MOORE was specifically to purchase said electrical gear box on behalf of Plaintiff.

11.      Plaintiff and OCEAN, by and through its agent MOORE, agreed that Plaintiff would transfer the sum of $95,000 to MOORE to enable him to purchase the box from the third party on Plaintiff's behalf.

12.      On or about July 12, 2023, Plaintiff wrote a check for the above amount after being informed by MOORE that he had found a good deal for an electrical gear box.  MOORE cashed the check on the same day.  However, MOORE never purchased the electrical gear box. He simply cashed the check and kept the money.

13.      Plaintiff has performed all conditions and obligations owed to Defendants, and each of them, under the oral agreement and in the manner specified.

14.      Defendants, and each of them, prior to the filing of this lawsuit, defaulted in the terms, conditions and covenants of the agreement by failing to purchase said electrical gear box but cashing said check, depositing the monies into a business account, and refusing to return the funds to Plaintiff.

15.      Plaintiff has demanded the return of the money from the Defendants, and each of them; and, Defendants, and each of them, have failed and refused to return the $95,000.00 and still continue to fail and refuse to return the amount paid under the Agreement.  There is now due and owing the sum of $95,000.00.

16.      As a result of the breach of the agreement by Defendants, and each of them, Plaintiff has suffered damages in a total amount as yet not fully known, which includes, but is not limited to, the balance owed under the Agreement in the amount of $95,000.00, with interest on that amount at the legal rate of ten (10%) per annum, from and after the default date until paid in full or the date of entry of judgment.

///

///

///

3

**FIRST AMENDED COMPLAINT**

### SECOND CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION

17.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 16 of this Complaint as though fully set forth at length herein.

18.     On or about June 29, 2023, MOORE sent Plaintiff an email which represented to Plaintiff that MOORE had located a used switch gear box which MOORE would purchase on behalf of Plaintiff at a price of $95,000.00.

19.     During the week of July 10, 2023, MOORE contacted Plaintiff again and told him to "hurry up and pay" because MOORE had located a used box for $95,000.00 and the "going price" for such equipment was generally $130,000.00.

20.     Based on the above representations, on July 12, 2023, Plaintiff prepared a check payable to MOORE for the $95,000.00 for the purchase of the electrical gear on the express representation that MOORE had located such equipment and would purchase it on Plaintiff's behalf.

21.     The check prepared by Plaintiff was negotiated by MOORE and the check cleared Plaintiff's account on July 17, 2023.

22.     The representations made by MOORE that he (a) had located the electrical switch gear box and (b) that he would purchase it for Plaintiff from a third party were in fact false

23.     MOORE knew at the time that the representations were false; or, in the alternative, made in reckless disregard of the truth.

24.     The representations were made with the intention that Plaintiff would rely on them.

25.     Plaintiff had no reason not to rely on said representations; and, did in fact rely on said representations.

26.     Plaintiff was harmed by the misrepresentations in that he prepared a check for $95,000.00 and the check was negotiated by MOORE.

27.     Plaintiff's reliance on Defendants' representations was a substantial factor in causing his harm.

28.     As a result of Plaintiff's reasonable reliance on the misrepresentation of Defendants, and each of them, Plaintiff has suffered damages in a total amount as yet not fully known, which includes, but is

**FIRST AMENDED COMPLAINT**

not limited to, the amount paid to Defendant for the purchase of the electrical gear in the amount of $95,000.00, with interest on that amount at the legal rate of ten (10%) per annum, from and after the default date until paid in full or the date of entry of judgment.

## THIRD CAUSE OF ACTION

## FRAUD

29.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 28 of this Complaint as though fully set forth at length herein.

30.    Plaintiff claims that OCEAN, by and through its agent MOORE made a false representation that harmed him.

31.    Specifically, Defendants misrepresented to Plaintiff that an electrical gear box had been located for the price of $95,000.00 and that they would purchase it on Plaintiff's behalf.

32.    The true facts were that Defendants had not located the electrical gear box and that they had no present intention of purchasing the box on Plaintiff's behalf.

33.    Defendants, and each of them, knew that the representation that an electrical gear box had been located was false when MOORE made it and was made with the express intent of misleading Plaintiff into preparing the check.

34.    Plaintiff reasonably relied on Defendants' representation.

35.    Plaintiff's reliance of Defendants' representation was a substantial factor in causing his harm.

36.    As a result of the intentional misrepresentation by Defendants, and each of them, Plaintiff has suffered damages in a total amount as yet not fully known, which includes, but is not limited to, the amount of the check prepared by Plaintiff and tendered to Defendants in the amount of $95,000.00, with interest on that amount at the legal rate of ten (10%) per annum, from and after the default date until paid in full or the date of entry of judgment.

## FOURTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

### (Against Defendants and DOES 1 through 10)

37.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 36 of this Complaint as though fully set forth at length herein.

5

38.     Plaintiff and Defendants entered into an oral contract on or about June 29, 2023, for consulting services. Defendants agreed to act as Plaintiff's agents in dealing with third parties for the purchase of the gear box.

39.     Defendants and DOES 1 through 10, and each of them, owed a fiduciary duty of care, loyalty, and good faith to Plaintiff.  Defendants and DOES 1 through 10 duties included the obligations to exercise good business judgment and to act prudently in carrying out their duties to make sure all terms of the contract were fulfilled.

40.     Defendants and DOES 1 through 10, and each of them, breached their fiduciary duty of loyalty by misrepresenting to Plaintiff that they had located the electrical box and that they would purchase it from a third party. They further breached this duty by self-dealing when, instead of using Plaintiff's money as they had indicated to, and were directed by, Plaintiff, they kept it for themselves.

41.     Defendants and DOES 1 through 10 breached they duty of care by, among other things, failing to purchase the electrical gear box and have it ready by the construction commencement date.

## PRAYER

**WHEREFORE**, Plaintiff prays as to all causes of action:

1.     For compensatory damages in the amount of $95,000.00;

2.     Interest at the legal rate of ten percent (10%) per annum from July 12, 2023, until paid in full or the date of entry of judgment;

3.     For punitive damages, as appropriate

4.     For costs of suit herein incurred; and

5.     For such other and further relief as the court may deem proper.

Plaintiff hereby demands jury trial on all issues so triable.

MUNOZ ~ MUNOZ

DATED: 06/19/2024

MICHAEL J. MUNOZ
Attorneys for Plaintiff, FAUSTO ATILANO

6

**FIRST AMENDED COMPLAINT**

## VERIFICATION

I, FAUSTO ATILANO, the undersigned, state:

I am the plaintiff in the above-entitled matter. I have read the First Amended Complaint and know the contents to be true of my own knowledge, except as the matters that are stated in it on my information and belief, and as to these matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 19th day of June, 2024, at Temecula, CA.


_____
FAUSTO ATILANO

FIRST AMENDED COMPLAINT

# Exhibit 1

BA20221225963



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
|---|
| **-FILED-** |
| File No.: BA20221225963 |
| Date Filed: 12/8/2022 |

B1306-0868  12/08/2022  4:13 PM Received by California Secretary of State

| Entity Details | |
|---|---|
| Corporation Name | OCEAN CONTRACTING CORP. |
| Entity No. | 3782407 |
| Formed In | CALIFORNIA |

| Street Address of Principal Office of Corporation | |
|---|---|
| Principal Address | 31566-181 RAILROAD CANYON ROAD<br>CANYON LAKE, CA 92587 |

| Mailing Address of Corporation | |
|---|---|
| Mailing Address | 31566-181 RAILROAD CANYON ROAD<br>CANYON LAKE, CA 92587 |
| Attention | |

| Street Address of California Office of Corporation | |
|---|---|
| Street Address of California Office | 31566-181 RAILROAD CANYON ROAD<br>CANYON LAKE, CA 92587 |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| PHILIP OLIVER MOORE | 31566-181 RAILROAD CANYON ROAD<br>CANYON LAKE, CA 92587 | Chief Executive Officer, Secretary |
| BRADLEY L GARRETT | 31566-181 RAILROAD CANYON ROAD<br>CANYON LAKE, CA 92530 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

**Directors**

| Director Name | Director Address |
|---|---|
| PHILIP OLIVER MOORE | 31566-181 RAILROAD CANYON ROAD<br>CANYON LAKE, CA 92587 |
| BRADLEY L GARRETT | 31566-181 RAILROAD CANYON ROAD<br>CANYON LAKE, CA 92530 |

The number of vacancies on Board of Directors is: 0

| Agent for Service of Process | |
|---|---|
| Agent Name | Patricia Frost |
| Agent Address | 23304 BUENA CT<br>WILDOMAR, CA 92595 |

| Type of Business | |
|---|---|
| Type of Business | CONSTRUCTION CONSULTING |

| Email Notifications | |
|---|---|
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**